IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NYOKA COMPAGNO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 1:23-CV-1068 |
| | § | |
| TEXAS HEALTH AND HUMAN | § | |
| SERVICES COMMISSION; | § | . |
| | § | |
| | § | |
| Defendant. | | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Nyoka Compagno sues Texas Health and Human Services Commission for gender discrimination and retaliation.

Ms. Compagno first began working for Defendant's Austin State Hospital facilities as a registered nurse. For the entirety of her tenure, Ms. Compagno gave her best efforts to Defendant and the patients it served. Unfortunately, on or about September 2019, Ms. Compagno was subjected to sexual harassment by a male patient. This sexual harassment escalated to the patient grabbing Ms. Compagno by her genitals, breasts, and buttocks. Ms. Compagno reported this sexual harassment, but instead of remedying the situation, Defendant retaliated. Defendant falsely accused her of improperly restraining a patient and then terminated her.

I. PARTIES

1. Plaintiff Nyoka Compagno is an individual who resides in Utqiaġvik, Alaska.

2. Defendant Texas Health and Human Services Commission ("HHSC") is a Texas state agency. It may be served with process through its Executive Officer Cecile Erwin Young at 4900 North Lamar Blvd., Austin, TX 78751

## II. JURISDICTION AND VENUE

3. This Court has jurisdiction to hear the merits of the federal claims under 28 U.S.C. § 133 this action being brought under 42 U.S.C. § 2000e et seq.

4. Venue is proper in this this District because the acts giving rise to this lawsuit occurred within Travis County, Texas.

## III. FACTS

5. Ms. Compagno began working for Texas Health and Human Service's Austin State Hospital in September 2018 as a registered nurse.

6. Ms. Compagno always gave her best efforts to the hospital, to the staff, and her patients.

7. In fact, if one were to look at Ms. Compagno's last evaluation it would reveal that she was an excellent employee.

8. Furthermore, with the exception of the events detailed below, Ms. Compagno had no disciplinary actions in her record.

9. According to her reviews, she is "diligent, professional, and compassionate towards patients."

10. Ms. Compagno had anticipated working there through to her retirement.

11. Unfortunately, the situation deteriorated in September 2019.

12. That was when a patient began to show inappropriate behavior towards Ms. Compagno.

13. At first, this inappropriate behavior included only stripping his clothes off.

14. But this behavior escalated in December of 2019 when the patient sexually assaulted Ms. Compagno's by grabbing her breasts, genitals, and buttocks.

15. This patient's propensity of engaging in sexual harassment by grabbing staff by the genitals was known by Defendant as it had been reported multiple times before.

16. Ms. Compagno reported this sexual harassment to her shift supervisor, Yukari Jarmon, nurse manager, Phillip Johnson, and Marshall Smith.

17. This is protected activity under Title VII of the Civil Rights Act of 1964.

18. On or about December 19, 2019, Ms. Compagno submitted her notice for resignation because of the stress that Ms. Hannah Vogt, a fellow employee, and the assault caused her. This resignation was to become effective on March 1, 2020.

19. On or about December 24, 2019, Ms. Compagno was faced with a patient who was becoming violent. She followed all applicable protocol and received the approval from Dr. Juguilon to put the patient in restraints.

20. Ms. Compagno even had to call the police after this incident given that she had several scratches and bruises on her neck as a result of the patient's actions.

21. On or about December 30, 2019, Ms. Compagno rescinded her resignation.

22. She communicated this to her supervisor, Ms. Jarmon, who verbally accepted the recission of the resignation.

23. This was not unusual.

24. Ms. Compagno has knowledge of several other nurses that have submitted their resignations but were allowed to rescind it shortly thereafter.

25. On or about January 8, 2020, Ms. Compagno had another incident with the same patient who she had to request be restrained on or about December 24, 2019 because the patient continued to be a danger and continued to verbalize intent to do harm.

26. As she had done previously, she contacted Dr. Juguilon via FaceTime along with the Social Work Department head for authorization to restrain the patient. It was granted.

27. According to a witness statement from a coworker present during the incident, "the way Nyoka has situations with this client, as well as on this specific day, kept our client, other clients, and staff safe."

28. Despite always following protocol, Defendant placed Ms. Compagno on emergency leave based on the requests for restrains on December 24 and January 8.

29. This leave was set to last until February 21, 2020.

30. On January 16, 2020, Defendant contacted Ms. Compagno and stated that it would terminate her employment based on her letter of resignation from the previous year that had been rescinded.

31. This bizarre turn of events shows that Defendant went against its protocols.

32. Ms. Compagno filed her charge of discrimination with the EEOC on April 6, 2020.

33. On September 30, 2022, the EEOC found that there is "there is reasonable cause to believe Charging Party was discriminated against in violating of Title VII when Respondent terminated her employment in retaliation for her participation in protected activity."

34. The EEOC attempted to conciliate this matter, but its efforts resulted in no resolution.

35. On June 9, 2023, the right to sue was issued.

36. All conditions precedent to bringing this lawsuit have been satisfied.

## IV. GENDER DISCRIMINATION UNDER TITLE VII

37. Plaintiff re-alleges and incorporates the allegations contained in the above paragraphs as if fully stated herein.

38. Defendant is an employer as defined under Title VII, namely it has over 15 employees.

39. Ms. Compagno is an employee within the meaning of Title VII.

40. Defendant intentionally discriminated against Plaintiff in violation of Title VII when it terminated Ms. Compagno because of her gender.

41. As such, Defendant violated Title VII.

## V. RETALIATION UNDER THE TITLE VII

42. Plaintiff re-alleges and incorporates the allegations contained in the above paragraphs as if fully stated herein.

43. Plaintiff is an employee within the meaning of the Title VII.

44. Defendant is an employer within the meaning of Title VII, is engaged in an industry affecting commerce, and have fifteen or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

45. Plaintiff engaged in protected activity when she complained of sexual harassment by one of her patients.

46. Defendant failed to take prompt remedial action when it had the ability and the means to do so.

47. Plaintiff suffered an adverse employment action when, among other things, she was terminated.

48. Defendant took these adverse actions because of her engagement in protected activity.

49. Defendant violated the Title VII's anti-retaliation provision when it intentionally terminated Plaintiff because of her engagement in protected activity.

## VI. JURY DEMAND

50. Plaintiff hereby makes a demand for a trial by jury on all issues, claims and defenses in this action.

## VII.  PRAYER

51. WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer, and that, after trial by jury, she takes judgment against Defendant as follows:

   a. Judgment against Defendant ordering them to take such reasonable actions as may be necessary to remedy the effects of Defendant's violations of Title VII, including injunctive relief like order the Defendant to conduct training, not retaliating against employees, and not engaging in activities that violate Title VII.

   b. Judgment against Defendant for lost wages and benefits, both back pay and front pay;

   c. In the alternative to front pay, judgment against Defendant placing Plaintiff in the position of employment she would have enjoyed but for the discrimination, if deemed feasible;

   d. Judgment against Defendant for compensatory damages including emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life;

   e. Pre-judgment interest at the appropriate legal rate on all amounts awarded;

   f. Interest after judgment at the appropriate legal rate on all amounts awarded until paid in full;

   g. Judgment against Defendant for Plaintiff's reasonable attorneys' and experts' fees;

   h. Costs of suit; and

   i. Such other and further relief to which Plaintiff may justly be entitled.

Respectfully submitted,
WILEY WALSH, P.C.

By: /s/ Jairo Castellanos

Robert J. Wiley*
Texas Bar No. 24013750
Colin Walsh*
Texas Bar No. 24079538
Jairo Castellanos*
Texas Bar No. 24089264

*Board Certified Specialist, Texas Board of Legal Specialization, Labor and Employment Law*

Wiley Walsh, P.C.
1011 San Jacinto Blvd., Ste. 401
Austin, TX 78701
Telephone: (512) 27-5527
Facsimile: (512) 287-3084
jairo@wileywalsh.com
**Attorneys for Plaintiff**