IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NYOKA COMPAGNO | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 1:23-CV-1068 |
| | § | |
| TEXAS HEALTH AND HUMAN | § | |
| SERVICES COMMISSION | § | |
| *Defendants.* | § | |

---

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S PARTIAL MOTION TO DISMISS WITH BRIEF IN SUPPORT**

---

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Division Chief, General Litigation Division

JOSEPH D. KEENEY
Attorney-In-Charge
Texas Bar No. 24092616
Assistant Attorney General
Office of the Attorney General
General Litigation Division -019
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4090
Facsimile: (512) 320-0667
Joseph.Keeney@oag.texas.gov

***ATTORNEYS FOR DEFENDANTS***

TO THE HONORABLE ROBERT PITMAN:

Defendant Texas Health & Human Services Commission ("Defendant" or "HHSC"), by and through its undersigned attorney, files this Reply to Plaintiff Nyoka Compagno's ("Compagno") Response to Defendant's Partial Motion to Dismiss, and in support thereof, respectfully shows the Court as follows:

## I. INTRODUCTION

Compagno argues that, because sexual harassment is "a form" of sex discrimination, she is permitted to bring an intentional disparate-treatment sex discrimination claim—arguing that she was terminated because she is a woman. (Dkt. #7) at p. 3. But binding Fifth Circuit case law treats sexual harassment and other forms of discrimination as distinct for administrative exhaustion purposes. Whether the allegations in her EEOC Charge raised a sexual harassment claim is therefore irrelevant to the question of whether she can bring an intentional discrimination claim. (Dkt. #1) at ¶ 40. Moreover, even if these types of claims were identical for exhaustion purposes, Compagno also failed to bring a sex-based harassment claim in her EEOC Charge. Thus, not only is her Complaint wholly devoid of any factual allegations indicating she was terminated because of her sex/gender; she did not raise this claim before the EEOC. It should therefore be dismissed.

## II. ARGUMENT

Sexual harassment and other forms of gender discrimination are treated distinctly for exhaustion purposes. *See, e.g., Clark v. Kraft Foods, Inc.*, 18 F.3d 1278, 1280 n. 4 (5th Cir. 1994) (citing cases for the proposition that sexual harassment and disparate treatment are distinct for exhaustion of EEOC administrative remedies); *Lacy v. Dallas Cowboys Football Club*, No. 3:11–CV–0300–B, 2012 WL 2795979, at *4 (N.D. Tex. July 10, 2012) ("[A]n assertion of sex-based disparate treatment does not exhaust a party's administrative remedies for sexual harassment; these

two forms of discrimination are treated as "distinct."). Accordingly, a plaintiff whose EEOC charge contains only allegations of harassment but does not include allegations indicating intentional gender discrimination, will not be found to have exhausted administrative remedies for the discrimination claim—only the harassment claim. *See Hague v. Univ. of Texas Health Sci. Ctr. at San Antonio*, 560 F. App'x 328, 331 (5th Cir. 2014) ("Although Hague argues that she fulfilled the purpose of the court's exhaustion requirement because her EEOC complaint and her complaint in this lawsuit put UTHSC on notice of a sex discrimination claim, the details listed on her complaint concern only her allegations of *harassment*.") (emphasis in original); *see also Reno v. Metro. Transit Auth.*, 977 F.Supp. 812, 818–20 (S.D. Tex. 1997) (dismissing a plaintiff's sexual harassment claims because they were distinguishable from her sexual discrimination allegations in her charge of discrimination); *Phillips v. Caris Life Scis., Inc.*, 715 F. App'x 365, 369 (5th Cir. 2017) ("This correspondence, however, does not include the allegation that Phillips was fired because she was a woman, but rather because she complained about sexual harassment. Thus, even assuming arguendo that the letter is a proper charge amendment, it does not include Phillips's sex discrimination claim, rendering the claim unexhausted.").

Further, simply alleging harassment is not sufficient to bring any type of sex discrimination claim. "The 'critical issue' in determining whether workplace activities constitute harassment based on sex is 'whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed.'" *Reine v. Honeywell Int'l, Inc.*, 362 Fed. Appx. 395, 397 (5th Cir. 2010) (per curiam) (emphasis added) (*quoting Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998)). Compagno did not allege in her EEOC Charge that she was harassed or terminated for being a woman or that she was terminated or harassed while male nurses were not. In fact, her Charge alleged that the sole perpetrator of

harassment at her former workplace—a mental hospital patient—had grabbed both male and female staff members. (Dkt. #5) at Ex. A. Further, her Charge does not explain what term, condition, or privilege of employment was affected by the alleged harassment she experienced. Thus, her employer could not have been put on notice that she was claiming a causal nexus between this alleged harassment and her status as a woman, much less a claim that it terminated her because she was a woman. (Dkt. #5) at Ex. A.

Although Compagno's Charge notes there had been instances of sexual harassment by a mental patient, she did not allege that her workplace was hostile to women. She did not allege that her employer treated her any differently based on her status as a woman. Indeed, her allegations do not even insinuate that she believed she was fired or treated differently because she is a woman. The entire thrust of the Charge is that she believed that she was terminated—whereas other female staff members were not—because it was she who reported this mental patient's behavior. (Dkt. #5) at Ex. A.

For these reasons, Compagno only exhausted her administrative remedies for a retaliation claim—nothing more.[1] The Charge does not allege her employer terminated her because of her gender, nor do the allegations of harassment put the Defendant on notice that any other claim is being asserted. Compagno's arguments that "Title VII does not contain and [sic] independent cause of action for sexual harassment" and "they are one in [sic] the same" are unfounded, and even if true, would not compel the result she seeks. *See* (Dkt. #5) at p. 4. She did not allege

---

[1] Compagno argues that the EEOC did actually investigate this allegation of sexual assault, based on the following phrase: "there is reasonable cause to believe Charging Party was discriminated against in violating of Title VII…." (Dkt. #7) at p. 3. But this cropped citation is misleading. *See* Plaintiff's Original Petition, (Dkt. #1) at ¶ 33 ("there is reasonable cause to believe that the Charging Party was discriminated against in violation of Title VII when Respondent terminated her employment *in retaliation for her participation in protected activity*.") No other finding was made.

*Defendant's Reply to Plaintiff's Response to Defendant's Partial Motion to Dismiss*

intentional sex-based discriminatory animus as the reason for her termination in her EEOC charge. Further, her Complaint contains no factual allegations indicating anti-woman bias as the basis for her termination. Because her Complaint fails to adequately plead it and she did not raise it before the EEOC, this claim should be dismissed.

Moreover, "Courts within the Fifth Circuit have denied leave to amend where the amendment would be futile because the plaintiff failed to exhaust his administrative remedies." *Roberts v. Laredo Indep. Sch. Dist.*, No. L-06-CV-79, 2007 WL 9761656, at *2 (S.D. Tex. Aug. 21, 2007). Because amending her complaint to bring any after-thought claim—other than retaliation—would be futile, her motion "for leave to amend his [sic] complaint" should also be denied. *See* (Dkt. #7) at p. 5.

### III. CONCLUSION

For the foregoing reasons, Plaintiff failed to exhaust administrative remedies for a sex discrimination claim. Amending the Complaint would not change this fact. HHSC, therefore, respectfully requests that this Court grant its motion, dismiss this claim, and deny Compagno's motion for leave to amend.

Respectfully submitted.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA

*Defendant's Reply to Plaintiff's Response to Defendant's Partial Motion to Dismiss*

        Chief, General Litigation Division

        */s/ Joseph Keeney*
        **Joseph Keeney**
        State Bar No. 24092616
        Assistant Attorney General
        Office of the Attorney General
        General Litigation Division
        P.O. Box 12548, Capitol Station
        Austin, Texas 78711-2548
        Telephone: (512) 475-4090
        Facsimile: (512) 320-0667
        Joseph.Keeney@oag.texas.gov

        **ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed via the *CM/ECF system* on November 29, 2023, to:

Jairo Castellanos
Robert J. Wiley
Colin Walsh
Wiley Walsh, P.C.
1011 San Jacinto Blvd.
Ste 401
Austin, TX 78701
Tel. 512-271-5527
jairo@wileywalsh.com

**Attorneys for Plaintiff**

        */s/ Joseph Keeney*
        **JOSEPH KEENEY**
        Assistant Attorney General