IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NYOKA COMPAGNO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:23-CV-1068-RP |
| | § | |
| TEXAS HEALTH AND HUMAN | § | |
| SERVICES COMMISSION, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant Texas Health and Human Services Commission's ("HHSC")

Partial Motion to Dismiss, (Dkt. 5). Plaintiff Nyoka Compagno ("Compagno") filed a response in

opposition, (Dkt. 7), and HHSC filed a reply, (Dkt. 8). Having considered the parties' briefs, the

record, and the relevant law, the Court finds that the motion should be granted.

## I. BACKGROUND

Compagno worked for HHSC as a registered nurse in its Austin State Hospital facilities.

(Compl., Dkt. 1, at 1). In September 2019, Compagno was subjected to sexual harassment by a male

patient. (*Id.*). The patient grabbed Compagno by her genitals, breasts, and buttock, (Compl., Dkt. 1,

at 1), and would also grope other staff, both males and females. (*See* EEOC Charge, Dkt. 5-1).

Compagno reported this behavior to HHSC and eventually submitted a resignation letter due in part

to stress caused by the patient's sexual harassment. (Compl., Dkt. 1, at 2–3). She later rescinded her

resignation but continued to speak out about the patient's sexual harassment to HHSC supervisors.

(*Id.*). On January 16, 2020, however, HHSC informed Compagno that it would terminate her

employment. (*Id.*). Although HHSC stated that it terminated Compagno based on her resignation

letter, Compagno argues that this was pretense. (*Id.*). Instead, Compagno alleges that HHSC

terminated her in retaliation for reporting the patient's sexual harassment. (*Id.*).

1

Compagno filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on April 6, 2020. (*Id.* at 4). Her charge contained only a claim of retaliation and did not include any claim of discrimination based on sex, sexual harassment, or gender discrimination. (EEOC Charge, Dkt. 5-1). The EEOC found reasonable cause to believe Compagno suffered retaliation and issued a right to sue on June 9, 2023. (Compl., Dkt. 1, at 4). Compagno filed suit against HHSC on September 7, 2023. (*Id.*). She brought two claims under Title VII: one for retaliation and one for gender discrimination. (*Id.* at 4–5).

HHSC moved to dismiss Compagno's claim for gender discrimination. (Mot. Dismiss, Dkt. 5). It argues that, by raising a retaliation claim in her EEOC charge—but not a gender discrimination claim—Compagno failed to exhaust her administrative remedies as to the gender discrimination claim in this action. (*Id.*). In the alternative, HHSC argues that Compagno fails to plead facts which plausibly assert a valid claim for gender discrimination. (*Id.* at 5).

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the [plaintiffs'] grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### III. DISCUSSION

The central question in HHSC's motion is whether Compagno's EEOC charge alleging retaliation may also serve to exhaust her claim for gender discrimination. Because Compagno's EEOC charge did not allege any differential treatment between males and females, the Court finds that the EEOC charge could not have reasonably led to investigations into sex or gender discrimination.

Title VII's administrative exhaustion requirement is a precondition to filing suit. *Davis v. Fort Bend Cty.*, 893 F.3d 300, 306 (5th Cir. 2018). "To exhaust, a plaintiff must file a timely charge with the EEOC and then receive a notice of the right to sue." *Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 337 (5th Cir. 2021) (citations omitted). "To satisfy exhaustion, a claim generally must arise out of the plaintiff's EEOC charge." *Ernst*, 1 F.4th at 337. "That requirement relates to a key purpose of an employment-discrimination charge, which is to give the employer notice of the existence and general substance of the discrimination allegations." *Id.* (citing *Manning v. Chevron Chem. Co.*, 332 F.3d 874,

878 (5th Cir. 2003)). Therefore, a lawsuit may only raise issues that were also raised in the EEOC charge or could reasonably be expected to grow out of the EEOC charge. *Id.*; *Fellows v. Universal Restaurants, Inc.*, 701 F.2d 447, 451 (5th Cir. 1983).

Within the Fifth Circuit, claims for retaliation and gender discrimination are treated as "distinct." *Clark v. Kraft Foods, Inc.*, 18 F.3d 1278, 1279 n.4 (5th Cir. 1994). Still, Compagno argues that a claim for gender discrimination could reasonably grow out of her EEOC charge for retaliation because both involve the same allegations of sexual harassment and groping. (Pl.'s Resp., Dkt. 7, at 2). In relevant part, Compagno's EEOC charge states:

> [The patient] was disruptive by stripping off his clothes. By December 2019, his behavior escalated to grabbing myself and my staff both male and female in the genitals, the breast and the buttocks. On multiple occasions despite asking him to stop, we had to administer progressive action that ultimately escalated to physical restraints. Although I reported a multitude of instances of physical/sexual assault on myself and my staff to my supervisor[s] . . . nothing was ever done.

(EEOC Charge, Dkt. 5-1, at 2).

Undoubtedly, these facts speak to sexual harassment at the workplace. However, even when a person is sexually harassed, this does not automatically mean they suffered sex discrimination under Title VII. Here, the offending patient groped both males and females. (EEOC Charge, Dkt. 5-1). Under current caselaw, Title VII sex discrimination does not include the harassment of both men and women absent some showing that one sex suffered more or different treatment than others. "The 'critical issue' in determining whether workplace activities constitute harassment based on sex is 'whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed.'" *Reine v. Honeywell Int'l, Inc.*, 362 Fed. App'x. 395, 397 (5th Cir. 2010) (per curiam) (emphasis added) (quoting *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80 (1998)); *Jackson v. City of Killeen*, 654 F.2d 1181, 1186 (5th Cir. 1981) (noting that Title VII does not protect against all harassment equally distributed at the workplace). Claims for a

hostile work environment contain a similar element: a plaintiff must show that workplace harassment was based upon the plaintiff's protected status (i.e., gender). *See Matherne v. Ruba Mgmt.*, 624 F. App'x 835, 839 (5th Cir. 2015).

According to Plaintiff's complaint and EEOC charge, the hospital patient groped staff members without regard to their gender or sex. (Compl., Dkt. 1, at 2; EEOC Charge, Dkt. 5-1, at 2). Plaintiff includes no allegations that the patient treated men differently from women, or that her supervisors were more indifferent towards the groping of women than men. (*See* Compl., Dkt. 1, at 2–5). As a result, there is no indication that Plaintiff suffered discrimination based on her sex or gender within the meaning of Title VII. Compagno's facts speak to sexual harassment, but do not allege facts that could plausibly show gender discrimination. Thus, HHSC could not have been on reasonable notice of sex discrimination because nothing in the EEOC charge could have alerted the agency to allegations of differential treatment based on sex.

The Court acknowledges that an investigation into the patient's sexual harassment could have unearthed disparities between the treatment of male and female staff, or whose complaints were taken more seriously. But no such differentiation is alleged in the EEOC charge. (EEOC Charge, Dkt. 5-1, at 2). Rather, the EEOC charge alleges facts only related to a retaliation claim. The EEOC charge could not "reasonably lead" to investigation of gender discrimination where there is no indication that employees of different genders were treated differently. *Ernst*, 1 F.4th at 337. Nor could HHSC have been on reasonable notice of a gender discrimination claim based on the charge. As a result, Compagno did not exhaust her gender discrimination administrative remedies and that claim must be dismissed.

## IV. CONCLUSION

For the reasons given above, **IT IS ORDERED** that HHSC's Motion to Dismiss Plaintiff's Gender Discrimination claim, (Dkt. 1), is **GRANTED**. Plaintiff's claim for gender discrimination under Title VII is **DISMISSED WITHOUT PREJUDICE**.

**SIGNED** on March 21, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE