IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| NYOKA COMPAGNO | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 1:23-CV-1068 |
| | § | |
| TEXAS HEALTH AND HUMAN | § | |
| SERVICES COMMISSION | § | |
| *Defendants.* | § | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant Texas Health and Human Services Commission ("Defendant" or "HHSC") files this Answer and Affirmative Defenses to Plaintiff's Original Complaint (ECF No. 1). The Defendant respectfully states the following:

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant denies each and every allegation contained in the Complaint except for those expressly admitted herein. The headings and numbered paragraphs below directly correlate to the sections and numbered paragraphs of the Complaint. Those titles and headings are reproduced in this Answer for organizational purposes only, and Defendant does not admit any matter contained therein.

Defendant states that no response is required to Plaintiff's unnumbered introductory paragraph summarizing the nature of the lawsuit. To the extent that the unnumbered introductory paragraph purports to contain any factual allegations, Defendant lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations, and on that basis deny the allegations in their entirety. Defendant responds to the specifically numbered allegations of the Complaint as follows:

1

## I. PARTIES

1. Admit Plaintiff is Nyoka Compagno. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 1 and therefore denies.

2. Admit.

## II. JURISDICTION AND VENUE

3. This paragraph asserts a legal conclusion to which no response is required.

4. This paragraph asserts a legal conclusion to which no response is required.

## III. FACTS

5. Deny. Plaintiff began working as a Nurse I on October 16, 2018.

6. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 6 and therefore denies.

7. Deny.

8. Admit there is no record of disciplinary actions prior to the events detailed below.

9. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 9 and therefore denies.

10. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 10 and therefore denies.

11. Deny.

12. Admit that a male patient exhibited inappropriate behavior toward many staff, including Plaintiff. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in paragraph 12 and therefore denies.

13. Admit that certain patients are known to exhibit behaviors, including undressing themselves. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in paragraph 13 and therefore denies.

14. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 14 and therefore denies.

15. Admit that a male patient exhibited inappropriate behavior towards many staff, including Plaintiff. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in paragraph 15 and therefore denies.

16. Deny.

17. This paragraph asserts a legal conclusion to which no response is required.

18. Admit that Plaintiff submitted her notice of resignation on or about December 19, 2019. Defendant admits this resignation was to become effective on March 1, 2020. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in paragraph 18 and therefore denies.

19. Admit that Plaintiff, in the course and scope of her employment, cared for one or more patients who exhibited inappropriate behaviors. Deny as to the remaining allegations in paragraph 19.

20. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 20 and therefore denies.

21. Admit that Plaintiff requested to rescind her resignation on or about December 30, 2019.

22. Admit that Plaintiff requested to rescind her resignation on or about December 30, 2019. Defendant denies the remaining allegations in paragraph 22.

23. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 23 and therefore denies.

24. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 24 and therefore denies.

25. Admit that Plaintiff requested a patient be restrained on or about January 8, 2020. Defendant lacks sufficient knowledge or information to form a belief about the truth of the remaining allegations contained in paragraph 25 and therefore denies.

26. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 26 and therefore denies.

27. Admit that a witness made the statement "the way Nyoka has situations with this client, as well as on this specific day, kept our client, other clients, and staff safe." Deny as to the truth of the statement.

28. Admit Defendant placed Plaintiff on emergency leave. Defendant denies the remaining allegations in paragraph 28.

29. Admit.

30. Admit that on January 16, 2020, Defendant contacted Plaintiff and stated it would accept her letter of resignation and not allow her to rescind her letter of resignation. Defendant denies it terminated Plaintiff.

31. Deny.

32. Admit the EEOC charge is dated April 7, 2020.

33. Admit.

34. Admit.

35. Admit.

36. This paragraph asserts a legal conclusion to which no response is required.

## IV. GENDER DISCRIMINATION UNDER TITLE VII

37. Defendant need not admit nor deny Plaintiff's incorporation of foregoing paragraphs by reference.

38. This paragraph asserts a legal conclusion to which no response is required.

39. This paragraph asserts a legal conclusion to which no response is required.

40. Deny.

41. Deny.

## V. RETALIATION UNDER TITLE VII

42. Defendant need not admit nor deny Plaintiff's incorporation of foregoing paragraphs by reference.

43. This paragraph asserts a legal conclusion to which no response is required.

44. This paragraph asserts a legal conclusion to which no response is required.

45. This paragraph asserts a legal conclusion to which no response is required.

46. Deny.

47. Deny.

48. Deny.

49. Deny.

## VI. JURY DEMAND

50. Defendant denies that Plaintiff is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

1. Defendant had legitimate, non-retaliatory reasons for all actions affecting Plaintiff that she contends were unlawful.

2. Defendant's actions relevant to this suit were done in good faith and without malice, willfulness, or intent. Any challenged action taken against Plaintiff was reasonably necessary to business or governmental operations.

3. Defendant asserts the defenses of the Eleventh Amendment immunity and sovereign immunity from suit and liability for all claims to which these defenses apply.

4. Plaintiff's claims are subject to all applicable statutory limitations, including the exemption of a government, government agency, or political subdivision from punitive damages.

5. Compensatory damages in this matter, if any, are subject to the applicable statutory damages cap provided by state and federal law.

6. Subject to further discovery, Plaintiff's damages are limited by the doctrine of after-acquired evidence.

7. Plaintiff's claims are barred to the extent she failed to exhaust her administrative remedies and thus failed to meet all conditions precedent and statutory prerequisites.

8. Plaintiff's claims are barred to the extent she relies upon any acts, events, allegations, or claims that fall outside the applicable statute of limitations period or the 300-day period prior to her charge.

9. Defendant asserts Plaintiff has failed to mitigate her damages, if any.

10. Defendant reserves the right to amend or supplement these affirmative defenses as this case proceeds.

**PRAYER**

For the foregoing reasons, Defendant asks the Court to enter judgment that Plaintiff takes nothing, dismiss Plaintiff's suit with prejudice, assess costs against Plaintiff, and award Defendant any and all other relief to which the Court may determine they are entitled.

Respectfully submitted,

KEN PAXTON
Attorney General

BRENT WEBSTER
First Assistant Attorney General

JAMES LLOYD
Deputy Attorney General for Civil Litigation

KIMBERLY GDULA
Chief, General Litigation Division

*/s/ Joseph Keeney*
JOSEPH KEENEY
Assistant Attorney General
Texas Bar No. 24092616
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone (512) 475-4090
Facsimile: (512) 320-0667
joseph.keeney@oag.texas.gov

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing instrument has been sent by electronic notification through ECF by the United States District Court, Southern District of Texas, Houston Division, on April 4, 2024, to the following:

Robert J. Wiley
Colin Walsh
Wiley Walsh, P.C.
1011 San Jacinto Blvd.
Ste 401
Austin, TX 78701
Tel. 512-271-5527
colin@wileywalsh.com

**Attorneys for Plaintiff**

                                       */s/ Joseph Keeney*
                                       **JOSEPH KEENEY**
                                       Assistant Attorney General